*E. K. Aiu* (*A. G. Kaulukou* on the brief) for respondent.

---

# THE FIRST TRUST COMPANY OF HILO, LIMITED, *v.* A. M. CABRINHA.

## No. 1151.

### MOTION TO DISMISS.

ARGUED JANUARY 27, 1919.                    DECIDED FEBRUARY 6, 1919.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE ASHFORD IN PLACE OF KEMP, J., ABSENT.

STIPULATIONS.

The responsibility devolving upon this court to require the observance of its rules is secondary to its duty to maintain the integrity of stipulations entered into between counsel and approved by and filed with the court.

### OPINION OF THE COURT BY COKE, C. J.

This cause is up for consideration upon the motion of plaintiff-appellee, signed by Messrs. Carlsmith & Rolph, its attorneys, to dismiss the bill of exceptions of defendant-appellant heretofore perfected to this court. The record discloses that on April 11, 1918, a judgment was rendered against the appellant and in favor of the appellee for the restitution of a certain lot of land situated at Hilo, Hawaii, and for costs; that on April 30, 1918, plaintiff's bill of exceptions was allowed by the circuit judge; that although no extension of time was thereafter allowed by this court or any justice thereof the record on exceptions did not reach this court until December 7, 1918.

The motion to dismiss was filed herein on January 8, 1919, the appellee invoking in support of its motion the rule of the supreme court which provides that "if the necessary papers are not filed in this court within twenty days after the issuance of a writ of error, perfecting of an appeal or allowance of a bill of exceptions or such further time as may be allowed by this court or a justice thereof the appeal may be dismissed for want of prosecution." See subsection 2 of Rule 1, Rules of the Supreme Court. On December 24, 1918, there was filed in this court a stipulation between the parties hereto whereby it was agreed that the appellant might have up to and including the first day of February, 1919, within which to file his brief. This stipulation was also signed by Messrs. Carlsmith & Rolph, attorneys for appellee, and by J. W. Russell, attorney for appellant, and was submitted to and approved by the chief justice of this court. An affidavit of the clerk of the fourth circuit court was presented in support of the motion and a counter-affidavit was made and filed by the attorney for the appellant, the latter affidavit attempting to justify the delay in transmitting the record to this court.

It is clearly apparent from the record that there has been a flagrant disregard of the rules of this court by the appellant and were it not for the presence in the record of the stipulation above referred to which granted to appellee up to and including the first day of February, 1919, within which to file his opening brief we would not hesitate to dismiss the bill of exceptions. Indeed, this court, in the absence of motion by appellee, would be fully warranted in taking that action *ex propria motu.* The rules of the supreme court are provided for the convenience, guidance and protection of all those having business before it and any attempt to ignore or evade the rules should be summarily checked. *Holiona* v. *Kamai, ante,* p. 636. But the responsibility devolving upon this court to require the observance of its rules we conceive to be secondary to its duty to uphold and maintain the integrity of stipulations entered into between counsel and approved by and filed with the court. The effect of the stipulation filed herein was to condone as between the parties any and all prior delinquencies and irregularities and to justify counsel for appellant in confidently assuming that he might proceed to prepare and file his brief within the time specified. To now grant the motion would be to permit counsel for appellee to defeat the very purpose of their written compact. It would entail the approval of a course of conduct which ought to be condemned and would tend to lower the standard of ethics which should prevail among the members of an honorable profession.

The motion to dismiss the bill of exceptions is denied.

*W. W. Thayer* for the motion.

*W. L. Stanley* contra.