# IN THE MATTER OF THE ESTATE OF CECIL BROWN, DECEASED.

## No. 1167.

## MOTION TO DISMISS.

ARGUED MARCH 14, 1919.                DECIDED MARCH 26, 1919.

### COKE, C. J., KEMP AND EDINGS, JJ.

COURTS—*rules—record on appeal.*

> It is the duty of the appellant to see that the records are transmitted to the appellate court within the time prescribed by the rules. This is a responsibility which the appellant cannot delegate to the clerk of the circuit court and then excuse non-compliance with the rules because the clerk failed to follow instructions.

SAME—*same—same.*

> An appellant should make it his business to bring the record to this court within twenty days after the appeal is perfected, or, if that period is too short, then to request of this court or a justice thereof additional time. In the present case his failure to do either is inexcusable.

### OPINION OF THE COURT BY COKE, C. J.

The petitioner-appellant, Malcolm Brown, seeks a review by appeal of the decree of the circuit court of the first circuit dismissing his petition. The decree complained of was filed on the 17th day of January, 1919, the notice of appeal was filed on the 20th day of January, 1919, the accrued costs were paid and a bond for further costs was filed on the 25th day of January, 1919. The necessary papers on appeal were filed in the supreme court on the 28th day of February, 1919. The respondent-appellee, H. M. von Holt, by his attorneys, Messrs. Frear, Prosser, Anderson & Marx, has interposed a motion to dismiss the appeal for the reason "that the

twenty days allowed within which to file the necessary papers on appeal in the above entitled matter had elapsed prior to the filing of the necessary papers and no further time has ever been allowed by the supreme court or any justice thereof within which to file said record on appeal in the supreme court." The appellant through his attorneys has submitted a return to the motion to dismiss, accompanied by an affidavit of Lorrin Andrews, Esq. By these documents appellant attempts to justify the noncompliance on his part with the requirement of paragraph 2 of Rule 1 of this court which provides: "If the necessary papers are not filed in this court within twenty days after the issuance of a writ of error, perfecting of an appeal or allowance of a bill of exceptions or such further time as may be allowed by this court or a justice thereof the appeal may be dismissed for want of prosecution."

It is not denied by appellant that the foregoing rule has not been complied with, but as an excuse for noncompliance appellant represents that on the 25th day of January, 1919, he filed his praecipe with the clerk of the circuit court requiring him to certify and file certain records in the supreme court in said appeal matter. Appellant appears to erroneously assume that it then became the duty of the clerk of the circuit court to see that the necessary records were transmitted to this court within the period prescribed by the rule quoted. When a praecipe is served upon the clerk of the court it becomes his duty to prepare and certify the documents designated in the praecipe but it is the duty of the appellant to see that the records are transmitted to the appellate court within the time prescribed by the rules. This is a responsibility which the appellant cannot delegate to the clerk of the court and then excuse a noncompliance with the rules because the clerk has failed to follow instruc-

tions. An appellant should make it his business to bring the record to this court within twenty days after the appeal is perfected or, if the period is too short, then to request of this court or a justice thereof additional time. In the present case his failure to do either is inexcusable. Reasonable compliance with the rules must be required if they are to serve the ends of use for which they were adopted. See *Holiona* v. *Kamai, ante* p. 636; *Laahia* v. *Poomaikai,* 20 Haw. 39.

For the failure of the appellant to comply with the rules of this court, or to justify his noncompliance therewith, his appeal is dismissed and it is so ordered.

*W. F. Frear* and *U. E. Wild* for the motion.

*Lorrin Andrews* contra.