JOE ARRUDA *v.* ALEXANDRINHA ARRUDA.

No. 1754.

MOTION FOR EXTENSION OF TIME TO FILE RECORD.

ARGUED APRIL 16, 1927.                    DECIDED MAY 6, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

*Per Curiam.*   On April 1, 1927, the time for filing the record in this case in support of the appeal was duly extended to and including the 11th day of April, 1927. No part of the record on appeal was filed in this court either within the twenty days allowed by the rule or within the further time granted.   On April 12, 1927, the appellant filed a motion that he be given further time within which to prepare and file the record and in support of the motion presented an affidavit of the stenographer who reported the cause to the effect that he

would be unable to complete the preparation of the transcript of the evidence before May 5, 1927. No showing has been made as to why a further extension of time was not obtained before the expiration of the period allowed by the rule and by the extension above mentioned. Under these circumstances the motion is denied.

While it is true that in *de Coito* v. *de Coito,* 21 Haw. 250, 251, the court said, in effect, that the rule did not make it mandatory that the appeal should be dismissed when the record was not filed within the time allowed by law or by any extension granted by the court and that an extension may be granted after the expiration of any former period, nevertheless it also stated that "the better practice would have been to have presented the application for the extension of time before the expiration of the twenty days." In the *Estate of Brown,* 24 Haw. 711, 713, in which the papers on appeal were filed in this court after the expiration of the twenty-day period allowed by the rule and without any further extension being obtained, the court said: "An appellant should make it his business to bring the record to this court within twenty days after the appeal is perfected or, if the period is too short, then to request of this court or a justice thereof additional time. * * * Reasonable compliance with the rules must be required if they are to serve" the purposes "for which they were adopted." Since the date of the decision in the *Estate of Brown* (1919), the rule in question has been enforced with greater strictness. In *Keahilihau* v. *King,* 25 Haw. 139, 141, a motion to strike from the files a brief filed after the expiration of the fifteen days allowed by the rule was granted, the court saying: "We fully realize that the language of the rule does not make it mandatory that the proceeding be dismissed under circumstances such as we have before us in this case but the rule was undoubtedly made for the

purpose of compelling diligent prosecution of appeals and writs of error in this court." In *Iwamoto* v. *Medeiros,* 26 Haw. 235, a bill of exceptions was dismissed because of the failure of the appellant to file his .opening brief within fifteen days after the appeal was placed upon the calendar. The court said: "Under the rule the appellant should have filed his brief on or before December 14, 1921, or applied for an extension of time. His failure to do either or to make any showing which might excuse his inaction brings the cause within the principle laid down in *Keahilihau* v. *King,* 25 Haw. 139."

*O. P. Soares* for the motion.

*Carrick H. Buck* contra.