# HAWAIIAN TRUST COMPANY, LIMITED, *v.* WILLIAM L. WELSH.

## No. 2246.

ARGUED OCTOBER 15, 1935.                    DECIDED NOVEMBER 16, 1935.

COKE, C. J., CIRCUIT JUDGE CRISTY IN PLACE OF BANKS, J.,
UNABLE TO ATTEND ON ACCOUNT OF ILLNESS, AND
CIRCUIT JUDGE STAFFORD IN PLACE OF
PETERS, J., DISQUALIFIED.

OPINION OF THE COURT BY COKE, C. J.

Complainant-appellee, Hawaiian Trust Company, Limited, presents a motion to docket the above cause in this court and thereafter to enter an order dismissing the appeal of respondent-appellant, William L. Welsh, for the reason that appellant has failed to comply with paragraph 1, subdivision 2, Rule 1 of the supreme court rules which provides: "If the necessary papers are not filed in this court within twenty days after the issuance of a writ of error, perfecting of an appeal or allowance of a bill of exceptions or such further time as may be allowed by this court or a justice thereof the appeal may be dismissed for want of prosecution." The record on appeal was not deposited with the clerk of this court within the time prescribed by the rule, hence the appellant is in default and his appeal *may* be dismissed.

It appears from the record that the appellant, following the entry of the decree in the court below adversely. to him, undertook without the aid of counsel to bring the cause to this court on appeal in order that he might have a review of the decree below. His inability to secure counsel was due to a lack of finances. He filed his notice of appeal, his bond on appeal, a praecipe, and paid the accrued costs and obtained from the judge of the court below an order for the transcript. Apparently, due entirely to ignorance on the part of the appellant and unfamiliarity with proceedings of this nature and the rules of court, he obtained from the judge of the circuit court an order granting the clerk of the court ten days after the filing of the transcript within which to prepare and file the record on appeal in the supreme court. Under the rule above cited this order could only have been made by the supreme court or a justice thereof and the circuit judge acted inadvertently when making the order.

This court has on a number of occasions enforced the above rule where the appellant has failed to justify or excuse the noncompliance with it. See *Holiona* v. *Kamai,* 24 Haw. 636; also *Estate of Brown,* 24 Haw. 711. But, as pointed out in *de Coito* v. *de Coito,* 21 Haw. 250, the provision of the rule is that this court "may" not "shall" dismiss the appeal for want of prosecution in all cases of failure to file the record within twenty days after the perfecting of the appeal. See also *Trust Co.* v. *Cabrinha,* 24 Haw. 655.

In the present case it appears that the appellant endeavored in good faith to comply with the rule of the court and with great labor and expense has brought up a voluminous record by means of which he seeks, not only in his own behalf but in behalf of certain minor respondents for whom he is guardian *ad litem,* to have a review of

638

the decree entered in the court below. Under these circumstances we are unwilling to deny him the right of appeal because of his failure to observe the strict requirements of the rule.

The motion is denied.

*H. L. Wrenn,* of the firm of *Prosser, Anderson, Marx & Wrenn,* for the motion.

*W. L. Welsh,* respondent, in person, contra.