## IN THE MATTER OF THE ESTATE OF LUCY NUKUSHINA, DECEASED.

### No. 2199.

Submitted November 4, 1935.          Decided December 11, 1935.

Coke, C. J., Peters, J., and Circuit Judge Case in place of Banks, J., unable to attend on account of illness.

*Per Curiam.* This is an appeal from an order and decree of the circuit judge of the third judicial circuit which was entered in the court below on December 14, 1934. The appeal was perfected on December 24 but the record on appeal did not reach this court until February 11, 1935. Counsel for appellees has interposed a motion to dismiss the appeal on the ground that more than twenty days elapsed between the perfecting of the appeal and the filing of the record in this court. Section 2 of the rules of the supreme court provides: "If the necessary papers are not filed in this court within twenty days after the issuance of a writ of error, perfecting of an appeal or allowance of a bill of exceptions or such further time as may be allowed by this court or a justice thereof the appeal may be dismissed for want of prosecution." Approximately two weeks after the expiration of the time allowed them to file the record in the supreme court and without offering any excuse or justification for their failure to comply with the rule or divulging the fact that they were at that time in default, the appellants procured from the chief justice of this court an order granting them additional time within which to bring up their record. This order was made upon the assumption that appellants were

still within the period prescribed by the rule. After the record reached this court and in due time a brief was filed on behalf of appellants and thereupon counsel for appellees applied for and with the consent of counsel for appellants was granted an extension of time within which to file his brief. Shortly thereafter he interposed his motion to dismiss the appeal on the grounds already stated.

This court has recently held in *Hawaiian Trust Co.* v. *Welsh, ante* p. 636, that the provisions of the rule are not mandatory upon this court and will not be enforced in cases where it appears that the appellants endeavored in good faith to comply with it or disclose other circumstances which would excuse noncompliance. On the other hand it has been repeatedly held that where an appellant is in default of the rule and fails to make a showing which would excuse his inaction the appeal should be dismissed. *Estate of Brown,* 24 Haw. 711; *Holiona* v. *Kamai,* 24 Haw. 636; *Arruda* v. *Arruda,* 29 Haw. 802.

In the present case appellants were clearly in default at the time of the presentation to the chief justice of an order granting them additional time to bring up the record on appeal. They made no endeavor to justify or excuse their failure to comply with the rule. They failed even to apprise the chief justice of the fact that they were then in default and the order extending the time for filing the record was made under a misapprehension of the facts. This case does not come within the principles announced in *Trust Co.* v. *Cabrinha,* 24 Haw. 655. Attorney for appellees, because of the stipulation above referred to, may have waived his rights to raise the question of the default of appellants but as pointed out in *Holiona* v. *Kamai, supra,* the court will in proper cases act upon its own motion. It will do so in this case.

The appeal is dismissed.