Leo **VANDERVELDE, L. Vandervelde & Co., Inc., and L. Vandervelde New York Corp., Plaintiffs,**

v.

**PUT AND CALL BROKERS AND DEALERS ASSOCIATION, Inc., et al., Defendants.**

**No. 63 Civ. 3470.**

United States District Court
S. D. New York.
June 14, 1967.

698

Malcolm A. Hoffmann, New York City, for plaintiff.

Boskey, Boskey & Cole, New York City, for defendants, Filer and Exrs. of will of Herbert Filer.

## MEMORANDUM

TENNEY, District Judge.

Plaintiffs move pursuant to Rule 25(a) (1) of the Federal Rules of Civil Procedure for an order substituting Richard Bergman, Herbert Filer, Jr., Sarah Filer and Leon M. Silberstein, executors of the will of Herbert Filer, for Herbert Filer, a deceased defendant, upon the grounds that plaintiffs' claim against said deceased defendant has not been extinguished by his death and that said executors are proper parties to this anti-trust action for treble damages.

Counsel for the deceased defendant oppose the motion on the grounds that (1) the action does not survive said defendant's death since no claim is made that he was personally enriched by the acts alleged in the complaint; (2) adminstration of the estate will be unduly prolonged by allowing such substitution; (3) plaintiffs will not be prejudiced by a denial of the motion since the action will continue against approximately forty (40) other defendants; and (4) even if the action is to continue, plaintiffs should be restricted to single damages against the estate should said plaintiffs prevail.

The fourth objection is not properly before this Court on the instant motion and is more properly related to the trial of the within action. The issue concerning undue enrichment has been exhaustively discussed in the opinion of Judge Levet of this court in Banana Distribs., Inc. v. United Fruit Co., 27 F.R.D. 403 (S.D.N.Y.1961). This Court is of the opinion Judge Levet's conclusion that the anti-trust action will survive the death of the defendant without a showing of undue enrichment is sound and should be followed.

The objection that the administration of the estate will be prolonged is one that necessarily arises in every case wherein it is held that the alleged wrongful acts of a decedent survive his death, and while the situation may be deemed unfortunate the rights of plaintiffs in such cases must also be protected. Nor can much weight be given to the argument that plaintiffs will not be prejudiced by a denial of the instant motion. According to the affidavit submitted on behalf of plaintiffs, it would appear that decedent was one of the prime movers of the conspiracy alleged in the complaint. It is possible that plaintiffs might only be able to convince the trier of the facts of the liability of the deceased defendant. Thus it is apparent that even though numerous

other defendants are named, plaintiffs might well be prejudiced if the substitution is not allowed.

Accordingly, plaintiffs' motion is granted and the clerk of the court is directed to amend the caption by substituting the executors named herein for the deceased defendant.

Settle order on notice.