Leo VANDERVELDE, L. Vandervelde & Co., Inc. and L. Vandervelde, New York Corp., Plaintiffs,

v.

PUT AND CALL BROKERS AND DEAL-ERS ASSOCIATION, Inc., et al., Defendants.

No. 63 Civ. 3470.

United States District Court
S. D. New York.

July 24, 1967.

See also D.C., 271 F.Supp. 697.

Malcolm A. Hoffmann, New York City, for plaintiffs.

Friedman, Marx & Handler, New York City, for defendants.

MOTLEY, District Judge.

This is a private anti-trust action in which the individual plaintiff, a put and call broker-dealer, and two of his companies seek $15,000,000 in treble damages and attorneys fees against Put and Call Brokers and Dealers Association, Inc., and numerous other defendants, for alleged violations of Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1, 2). The individual plaintiff had been a member of the Association but had been suspended after he failed to pay a fine for alleged violation of the Association's rules. The complaint alleges that following the individual plaintiff's suspension for refusal to pay the fine, he and his companies suffered damages as a result of a conspiracy by defendants to boycott plaintiffs.

This case is now before this court on a motion by plaintiffs to substitute the representatives of two deceased defendants, Irving E. Krinski and L. P. Kahn, as defendants in this action. Rule 25 (a) (1), Fed.R.Civ.P.

The executrix of the estate of Irving E. Krinski, Sonia Krinski, objects to the substitution on the ground that:

1) decedent neither participated in any deliberations which resulted in the determination that plaintiff should be suspended nor participated in any conspiracy to boycott plaintiffs, and no such allegations are contained in the complaint or affidavit supporting the present motion;

2) that the granting of a motion to substitute is discretionary;

3) in the exercise of its discretion, this court should deny the motion since the estate is small compared to the damages sought and the pendency of the action will necessarily prolong the administration of the estate, resulting in substantial hardship to the beneficiaries of the estate;

4) in view of the continued pendency of the action against the other multiple defendants, no injury will be suffered by plaintiff if the motion is denied; and

5) at one point plaintiffs sought to secure a stipulation from the deceased defendants agreeing to the filing of the amended complaint and dropping the decedent and other defendants as parties and adding six New York Stock Exchange firms as defendants.

The death of Irving E. Krinski was not suggested on the record prior to the instant motion which was filed on January 6, 1967. Rule 25(a) (1).

Sonia Krinski admits that the deceased Irving E. Krinski was a member of the defendant Association at the time of the suspension of the individual plaintiff and during the time of the alleged conspiracy by the Association and the other defendants to injure plaintiffs in their business by refusing to deal with them. The merits of this controversy which necessarily involve, *inter alia,* liability of decedent for participation in any injury

to plaintiffs cannot be determined upon this motion, especially in view of the admission that decedent was not only a member but also a former director.

■ It does appear that membership alone in an association charged with unlawful conduct is not a sufficient basis for establishing the liability of an individual member. The plaintiff must prove that the member knew of the unlawful acts, Phelps Dodge Refining Corp. v. Federal Trade Commission, 139 F.2d 393 (2d Cir. 1943), and approved of such activity and of their unlawful objective. Riss & Co. v. Association of Am. Railroads, 187 F.Supp. 306 (D.C.D.C.1960). There are allegations in the affidavit in support of plaintiffs' motion that pretrial discovery has produced evidence that each member of the association knew or should have known of the alleged conspiracy and evidence that each of the decedents actively participated therein. The determination of these facts, however, must await the trial.

■ This court has already ruled on the objection that the administration and closing of a decedent's estate will be unduly delayed by substituting representatives in this action. The ruling was made on a motion to substitute the representatives of Herbert Filer, another deceased defendant. This court held: "The objection that the administration of the estate will be prolonged is one that necessarily arises in every case wherein it is held that the alleged wrongful acts of a decedent survive his death, and while the situation may be deemed unfortunate the rights of plaintiffs in such cases must also be protected." Vandervelde v. Put and Call Brokers and Dealers Association, Inc., 271 F.Supp. 697 (S.D.N.Y.1967) (63 Civ. 3470, decided June 15, 1967). The same ruling is applicable to the same objection here made to this motion to substitute Sonia Krinski. In this connection, it should be noted that there is no allegation that the estate has been distributed or that such distribution is imminent. Consequently,

there is not involved here the kind of unfairness or disruption of orderly and expeditious administration of estates as will cause a court, in its discretion, to deny substitution of a decedent's representatives. See Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947).

■ Neither the objection that plaintiffs will not be injured by a denial of the motion because there are numerous other defendants against whom the action may be continued nor the objection that plaintiffs once offered to drop decedent is a sufficient reason for denying substitution. Sonia Krinski admitted that Irving E. Krinski was a member and former director of the Association. It may be that a trial court will find that Irving E. Krinski is liable to plaintiffs in a substantial way. Plaintiffs contend that decedent rejected the opportunity to have this action discontinued against him during his lifetime when he refused to consent to the stipulation dropping him as a party and substituting others in order to impede plaintiffs in the prosecution of their case. Plaintiffs, therefore, claim, and rightly so, that the executrix cannot now complain if plaintiffs elect to exercise their right of substitution. Rights of plaintiffs to substitution or to settlement of their claim against a decedent must be protected just as the rights of decedents and their estates.

■ Mathilde Kahn, executrix of the estate of L. P. Kahn, also made the foregoing objections but relied on Sullivan v. Associated Billposters & Distributors, 6 F.2d 1000, 42 A.L.R. 503 (2d Cir. 1925) to support her contention that "an action for damages to property does not survive unless the decedent benefited by the acts complained of." As this court noted in Vandervelde v. Put and Call Brokers and Dealers Association, Inc., supra, the enrichment or benefit issue has been exhaustively discussed in the opinion of Judge Levet of this court in Banana Distributors, Inc. v. United Fruit Co., 27 F.R.D. 403 (S.D.N.Y.1961). There

Judge Levet concluded that the anti-trust action survives the death of a defendant without a slowing of undue enrichment. Judge Levet did say that his decision was not free from doubt, and permitted a special appeal therefrom. There has been no reversal of Judge Levet's decision.

▇ Mrs. Kahn also claims that "in any event, the punitive portion of the claimed damages would not survive as against [her] decedent's estate." Again, as this court has already ruled in this case on the Filer motion, this "objection is not properly before this Court on the instant motion and is more properly related to the trial of the within action." *Vandervelde*, supra.

There are additional objections to the present motion to substitute Mrs. Kahn which must be disposed of before this court can determine whether the motion should be granted.

A suggestion of the death of L. P. Kahn was first made in the record of February 28, 1966. Under the provisions of Rule 25(a)(1), the time within which to make a substitution motion was 90 days from the date of the suggestion which would have been May 28, 1966. On May 27, 1966, plaintiffs obtained an ex parte order from this court extending their time to file their substitution until June 15, 1966. Rule 6(b)(2), Fed.R. Civ.P., Plaintiffs served their motion

on May 31, 1966 on Mrs. Kahn. Rule 4, Fed.R.Civ.P. The motion was returnable on June 7, 1966, which was less than the 10 days required by General Rules 9(c)(2) of this court.[1] The motion was not accompanied by any supporting memorandum of points and authorities as required by Rule 9(b) of the General Rules of this Court.[2] The hearing of the motion was three times adjourned by stipulation of counsel. Finally, on October 25, 1966, all parties agreed to an adjournment until December 22, 1966. This last stipulation was presented by counsel for Mrs. Kahn on the call of the calendar on October 25, 1966. At that time, the Calendar Clerk called attention to the fact that the motion should be on the Tuesday motion calendar rather than on the Thursday motion calendar, as counsel apparently had concluded, and set the motion down for Tuesday, December 20, 1966, instead of Thursday December 22, 1966. Rule 9(o)(2) of the General Rules of this Court.[3]

When Mrs. Kahn's counsel returned to his office he wrote a letter to plaintiffs' counsel advising him as follows:

"The motion to substitute the Estate of Ludwig P. Kahn as defendant was adjourned by the court to Tuesday, December 20th, 1966."

Plaintiffs' counsel upon receipt of this letter did not check the date of De-

1. This rule provides: "(c) The notice of motion, supporting affidavits and memoranda, with proof of due service, shall be served in accordance with the following: * * * (2) In: All other motions except those in criminal proceedings, or for preferences, or in cases assigned to a judge for all purposes * * * the notice of motion, supporting affidavits and accompanying memoranda of law shall be served at least ten (10) days before the return day unless otherwise provided by statute or directed by the court. * * *."

2. This rule provides: "Upon any motion the moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied upon in support of the motion di-

vided, under appropriate headings, into as many parts as there are points to be determined. The opposing party shall serve and file with the papers in opposition to the motion an answering memorandum, similarly divided, setting forth the points and authorities relied upon in opposition. Failure to comply may be deemed sufficient cause for the denial of the motion or the granting of the motion by default as the case may be."

3. This rule provides: "All other motions except those in criminal proceedings, or for preferences, or in cases assigned to a judge for all purposes * * * shall be heard on Tuesdays in the motion part unless the judge assigned to the motion part otherwise directs."

cember 20, 1966, against his office docket book. The office book contained the date of December 22, 1966. Subsequently, in a letter regarding the possibility of settling this case, Mrs. Kahn's counsel again mentioned therein the correct hearing date as follows:

"You will recall I telephoned you a couple of days after the motion was adjourned to December 20, 1966."

Again, plaintiffs' counsel overlooked the change. On Thursday, December 15, 1966, Mrs. Kahn's lawyer served on plaintiffs' counsel his affidavit in opposition to the motion. Plaintiffs' counsel failed to appear on the hearing on December 20, 1966. The Court marked the motion "Dismissed" and "So Ordered". Rule 9(i) of the General Rules of this Court.[4] On that same day, one of plaintiffs' attorneys called Mrs. Kahn's attorney and rejected the settlement offer made by Mrs. Kahn. It was then that plaintiffs' counsel learned of their oversight.

Thereafter, on January 6, 1967, the instant motion was filed with a supporting affidavit and memorandum of points and authorities. The motion seeks an order vacating the order of dismissal of December 20, 1966, on the ground of excusable neglect and a further order substituting Mrs. Kahn.

With respect to the present motion, Mrs. Kahn objects to its consideration on the ground that plaintiffs have failed to make a motion under Rule 6(b) (2) to enlarge the time to file a new and independent motion to substitute.

If the court treats the present motion as a motion for reargument, then, says counsel for Mrs. Kahn, the motion should be considered under Rule 9(m) of the General Rules of this Court on the original defective papers and not on the affidavit and memorandum in support of the present motion.[5]

Finally, Mrs. Kahn's counsel complains that the instant motion was not served on Mrs. Kahn as required by Rule 4, Fed.R.Civ.P., but on her attorney who appeared for her on the original motion to substitute. This counsel claims is defective service since the prior motion having been dismissed, service should have been made on Mrs. Kahn as a non-party. Rule 5, Fed.R.Civ.P.

In short, Mrs. Kahn's lawyer seeks by these objections to have substitution defeated because of a number of omissions and oversights on the part of plaintiffs' counsel as opposed to the merits.

The court is of the opinion that these objections to the granting of the motion should be overruled and the relief sought by the instant motion granted.

The power of this court under Rule 6(b) (2), Fed.R.Civ.P., to enlarge the time within which to file a substitution motion under Rule 25(a) (1), Fed.R.Civ.P., is in the discretion of this court. Staggers v. Otto Gerdau Co., 359

---

4. This rule provides: "There shall be a preliminary call of the General Motion Calendar by the clerk at 10:00 A.M. at which defaults, unopposed withdrawals and consents to the granting of motions may be noted. Any noticed motion may be adjourned, but not more than twice, by signed stipulation filed with the clerk of the motion part * * * not later than noon of the day preceding the return day of the motion. All motions not adjorned by such stipulation shall be heard on the return day or stricken from the calendar unless the judge assigned to the motion part, on good cause shown, shall otherwise direct."

5. This rule provides: "A notice of motion for reargument shall be served within ten (10) days after filing of the court's determination of the original motion and shall be made returnable within the same period of time as required for the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. No oral argument shall be heard unless the court grants the motion and specifically directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the court.

F.2d 292 (2d Cir. 1966). The power of this court to order the substitution of Mrs. Kahn is likewise vested in the sound discretion of this court under Rule 25(a) (1). Anderson v. Yungkau, supra; Staggers v. Otto Gerdau Co., supra.

■■■ All of the foregoing objections to the granting of the motion on the grounds of omissions and oversights of plaintiffs' counsel have some merit singly and in combination. However, in the view of this court these objections, whether considered individually on their merits or together, do not present a sufficient bar to the application of the liberal interpretation standard embodied in Rule 1, Fed.R.Civ.P. That Rule provides that all of the Federal Rules of Civil Procedure must be so construed as to "secure the just, speedy, and inexpensive determination of every action". The same principle is applicable to the General Rules of this Court.

In applying this principle, this court has considered of "crucial importance" the fact that Mrs. Kahn has not demonstrated that she will be unduly prejudiced by granting the relief sought. Staggers v. Otto Gerdau Co., Inc., supra, at 296.

After the first motion was dismissed because plaintiffs' counsel failed to appear, said counsel moved with reasonable promptness and on December 30, 1966, served the present motion. The failure of plaintiffs' counsel to note the changed date of hearing the first motion does not appear to be deliberate and is, under the circumstances noted, excusable. Cf. Colgate-Palmolive Co. v. North Am. Chemical Corp., 238 F.Supp. 81 (S.D.N. Y.1964).

The first motion to substitute was made by plaintiffs' counsel within the extension of time granted by the prior orders of this court. What followed was a series of oversights as to the date of hearing, an omission to file a memorandum and a failure to re-serve Mrs. Kahn directly. Rule 9(b) of the General Rules of this Court, imposing the memorandum

requirement with respect to every motion, provides:

"Failure to comply *may* be deemed sufficient cause for the denial of the motion or the granting of the motion by default as the case may be." (Emphasis added.)

Rule 9(i) provides in part as follows:

"There shall be a preliminary call of the General Motion Calendar by the clerk at 10:00 A.M. at which defaults, unopposed withdrawals and consents to the granting of motions may be noted.

\* \* \* \* \* \*

All motions not adjourned by such stipulation shall be heard on the return day or stricken from the calendar unless the judge assigned to the motion part, on good cause shown, shall otherwise direct."

The basis of the Court's action does not appear from the brief notation of dismissal on the original motion to substitute. It seems that the dismissal was pursuant to Rule 9(i), supra. In other words, there is no clear indication that this motion to substitute has been dismissed on its merits. The affidavit and memorandum now furnished do show that there is merit to the motion as set forth above. The instant motion with its supporting papers may be viewed as a motion to vacate the prior dismissal and to restore the motion to the motion calendar with an amendment. Rule 60 (b), Fed.R.Civ.P.; or the instant motion may be construed as an application to further enlarge the time, Rule 6(b) (2), Fed.R.Civ.P., within which to make a new motion under Rule 25(a) (1), Fed. R.Civ.P., and as embodying such new motion. However, viewed, in the opinion of this court an otherwise meritorious motion to substitute should not be defeated on the grounds of omission to file a memorandum or oversight as to the hearing date on the part of the moving party's counsel. Cf., *Staggers,* supra. The service upon Mrs. Kahn's lawyer of the second motion was proper under the circumstances. Rule 5, Fed.R.Civ.P.

An order, therefore, will issue directing the clerk of this court to amend the caption by substituting Sonia Krinski, the executrix of the estate of Irving E. Krinski for the deceased defendant, and substituting Mathilda Kahn, the executrix of the estate of L. P. Kahn, for the deceased defendant.