43658. FULLER, Administrator v. BOOTH.

WHITMAN, Judge. A deceased person cannot be a party to a legal proceeding. But the only effect of death is to suspend the action as to the decedent until his legal representative is substituted as a party, assuming of course a pending action where the cause of action survives. *Code* § 3-501.

While an application for substitution of the legal representative, under the procedure available (*Code* §§ 3-402, 3-404) when the defendant in the present case died (June, 1962), was not required to be made *immediately* after the expiration of 12 months from the probate of the will or granting of letters of

administration (representative receives 12 months immunity from suit by *Code* § 113-1526), but could be made within a *reasonable* time after such expiration (*Woods v. Howell,* 17 Ga. 495), this court is of the view that such an application which shows on its face that it is made *more than four years* after expiration of the immunity period is not an application within a reasonable time. Cf. *Johnson v. Sears,* 199 Ga. 432, 435 (34 SE2d 541); *Smart v. Wilson,* 117 Ga. App. 572 (161 SE2d 409).

Accordingly, it was error, after such an expiration of time, to grant a motion to substitute the administrator for the decedent and name him a defendant in the action.

If under *Hill v. Willis,* 224 Ga. 263, 264 (1) (161 SE2d 281), we are bound to apply the Civil Practice Act, then we reach the same result under *Code Ann.* § 81A-125 (Ga. L. 1966, pp. 609, 634).

> *Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*
> SUBMITTED MAY 6, 1968—DECIDED NOVEMBER 20, 1968.

*Gilbert & Carter, Fred A. Gilbert,* for appellant.
*William T. Brooks, Charles B. Webb,* for appellee.