Leonard L. EDSALL, Plaintiff-Appellant,

v.

**PENN CENTRAL TRANSPORTATION COMPANY, Defendant-Appellee.**

No. 72–1995.

United States Court of Appeals, Sixth Circuit.

Argued April 20, 1973.

Decided May 22, 1973.

John Ruffalo, Youngstown, Ohio, for plaintiff-appellant.

Thomas R. Skulina, Cleveland, Ohio, for defendant-appellee; John F. Dolan, Cleveland, Ohio, of counsel.

Before PHILLIPS, Chief Judge, and McCREE, and LIVELY, Circuit Judges.

PER CURIAM.

We consider the appeal of a Federal Employers' Liability Act claimant whose complaint was dismissed without prejudice on September 6, 1972, because neither he nor his counsel of record appeared in court to proceed with the trial of his case when it was called on September 5. The trial date had been set in an order filed by the District Judge on July 21, 1972, and the order further provided:

No additional continuance will be granted, and it is FURTHER OR-DERED that in the event John Ruffalo, Sr. is unable to proceed on the date heretofore indicated, replacement counsel will be prepared to proceed as aforesaid.

Although the order of dismissal purported to be without prejudice, the three-year statute of limitations (45 U.S.C. § 56) had run on one of plaintiff's claims, and the statute ran on plaintiff's other claim two weeks later.

Appellant's counsel argues that he did not appear to try the case because he had been ill and had so apprised the court in July.[1] He claims that he endeavored to telephone the District Judge a few days before the trial date but that the Judge was unavailable. (This period included the Labor Day weekend.)

We regard the attorney's efforts as totally insufficient. He could have but did not write to the court to request a continuance. He could have but did not ask another lawyer to answer the call of the case to explain his absence and to request a continuance. He could have but did not arrange for his client to be present to explain the indisposition of his lawyer and to request a continuance. He could have but did not obtain replacement counsel to try the case in his stead (he did manage to secure replacement counsel by October 1).

The failure to accord opposing counsel and the court this minimum consideration and courtesy in these days of crowded calendars would ordinarily have fully justified the drastic sanction of dismissal of the cause. However, there

---

1. The letter, dated July 20, 1972, read as follows:

Dear Judge Krupansky:

I am enclosing herewith a letter from Dr. John N. McCann of Youngstown, Ohio in respects to his medical advice relating to my present physical condition.

Dr. McCann, as you will note, advises that I cease activities for a period of one month and will evaluate me again at that time as to the likelihood of my resuming my activities or whether to continue on the basis of his original medical advice or on a restricted activity basis.

I regret that I am unable to fulfill my obligations at this time but matters concerning my health must be given first priority. As soon as my physician advises me that I can return to active duty, I will notify you.

SS: John Ruffalo

are special circumstances here. The record does not indicate that Mr. Edsall knew of the requirement in the July 21 order that he be prepared to proceed with replacement counsel if Mr. Ruffalo should have been unavailable, and in the absence of the affirmative showing of such knowledge we are reluctant to punish the client for the behavior of the lawyer. Further, plaintiff's claims are now time-barred and the dismissal thus effectively prevents plaintiff from ever having his day in court. And, the relief he seeks is based on a remedial and humanitarian statute that was specially enacted by Congress to afford relief to employees from injury incurred in the railway industry. *See* Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949).

Accordingly, as we said in Berardi v. Pure Oil Corporation, 456 F.2d 98, 99 (6th Cir. 1972), "we are hard-pressed to find an abuse of discretion in the court's dismissal, and do so only because we believe that the interests of justice require that [appellant] be afforded one more opportunity to conform [his actions] to the court's orders." Any further delay occasioned by appellant or his counsel will not evoke the same special solicitude on our part, and we expressly reject counsel's contention that the court was without power to enter the dismissal order. We reverse only because in balancing the equities, the interest of the employee who claims injury (not his counsel) outweighs, if only slightly so, the interest of the railroad and the concern of the court for its calendar, on these facts.

We decline to consider the issues relating to discovery because as the case now stands they are interlocutory in nature and review of them may never be required.

Reversed and remanded for further proceedings consistent herewith. Costs will abide the outcome of the case on its merits.