■ RAYMOND D. DORNEY, Respondent, v. DANIEL REDDY, Appellant.— In a personal injury action, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated January 28, 1974, as, upon a motion by the administratrix of the estate of the deceased plaintiff, ordered that the latter is substituted as the party plaintiff, that the title of the action is amended accordingly, that the action is restored to the Trial Calendar upon the service and filing of a statement of readiness, and that the action is granted an immediate trial preference, all on condition that plaintiff is ready to proceed to trial. The order denied "all other aspects of the motion". Order reversed insofar as appealed from, without costs, and motion denied in its entirety. The decedent sued to recover damages for

personal injuries sustained on November 23, 1961 while he was walking across Northern Boulevard in Queens County and was struck by an automobile driven by defendant. The action was commenced on July 24, 1964 and issue was joined on August 19, 1964. Thereafter the parties pursued their rights to pretrial discovery, and a note of issue, without a statement of readiness, was filed on March 16, 1965. On December 27, 1965 the decedent died of unrelated causes. On March 20, 1967 the case was marked dismissed as abandoned by the clerk pursuant to CPLR 3404. On February 23, 1967 the decedent's widow moved to be substituted as plaintiff and on March 24, 1967 Special Term denied the motion, without prejudice to renewal after the widow's obtaining of letters of administration. More than six years later, on July 9, 1973, the widow was appointed administratrix by a decree of the Surrogate's Court, Queens County. On December 13, 1973 she renewed her motion, which was opposed by defendant upon the ground that the action had already been dismissed pursuant to CPLR 3404, and the motion resulted in the order under review. Special Term was correct in its conclusion that the dismissal was a nullity because the clerk lacked power and jurisdiction to dismiss the complaint of a decedent where there had been no substitution of his personal representative (CPLR 5016, subd. [d]; *Warren* v. *Cole*, 29 A D 2d 988; *Meier* v. *Shively*, 10 A D 2d 566; *Speier* v. *St. Francis Church*, 3 A D 2d 732; *Chimenti* v. *Hertz Corp.*, 25 A D 2d 562). However, it was an improvident exercise of discretion to grant the motion for substitution in view of the six-year delay in obtaining letters of administration. This inexcusable display of laches, coupled with the prejudice visited upon defendant thereby, mandates a reversal and a denial of the motion in its entirety. Hopkins, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.