■ JOSEPH W. COUTU, Respondent, v OTIS ELEVATOR COMPANY, Appellant.—Order, Supreme Court, Albany County, entered on May 24, 1973, affirmed, without costs. No opinion. Herlihy, P. J., Greenblott, Sweeney and Kane, JJ., concur; Reynolds, J., dissents and votes to reverse in the following memorandum. Reynolds, J. (dissenting). This is an appeal from an order of the Supreme Court at Special Term, entered in Albany County on May 24, 1973, which granted plaintiff's motion to restore the action to the Trial Calendar. The present action is brought against defendant to recover damages for serious injuries sustained by plaintiff as a result of defendant's alleged negligence in connection with its manufacture, installation and/or maintenance of a freight elevator in the factory building in which plaintiff was employed. The accident occurred on May 11, 1962 and the action was commenced on April 20, 1965. Various proceedings preliminary to trial ensued. Defendant's motions to strike a note of issue and to file a supplemental bill of particulars were granted. By March of 1970 a supplemental bill and medical authorization had been furnished. Another note of issue was filed on May 9, 1970. The action was placed on the Deferred Calendar on June 14, 1971. A motion to remove it from the Deferred Calendar was made returnable June 23, 1972. At Special Term the court directed that the case be held on the Deferred Calendar for a proper motion at the next Trial Term in September, 1972. By February 21, 1973, another attorney was substituted for plaintiff's attorney of record who had been suspended from the practice of law on August 1, 1972. Special Term considered the motion as one to open the default and ordered the action restored to the General Calendar. This appeal is from that order. The court may in its discretion, under certain circumstances, relieve a plaintiff from his default. On the instant record, however, I am of the view that it was an improvident exercise of discretion for Special Term to restore the action to the General Calendar. An examination of the record demonstrates that plaintiff's attorneys were guilty of repeated actions which delayed the prosecution of the case. It is most significant that this accident occurred almost 13 years ago. It is difficult to conclude under all of the circumstances that such an inordinant delay is not prejudicial to defendant. (See *Dorney v Reddy,* 45 AD2d 754; *Gamerov v Cunard S.S. Co.,* 34 AD2d 824.) Consequently, the order must be reversed. I would reverse the order, on the law and the facts, and deny the motion.