guably approximate a stay, the approximation is by no means sufficient where the statute of limitations has run.

 In response, the appellee argues that the District Judge has the inherent right to select whatever method of dismissal he chooses and even if the issue is appropriately here on appeal, the appeal should be dismissed because the appellant failed to post bond for costs as required by F.R.A.P. 7 and 8. But in the circumstances of this case we are inclined to believe with Moore's that "while dismissal is an available sanction, failure to effect timely filing of the bond should not, without more, result in dismissal." 9 J. Moore Federal Practice ¶ 207.02 at 1302 (1974), especially since we find merit in the appeal and costs are now chargeable to appellees.

For these reasons the order of the District Court dismissing the appeal without prejudice is voided and the case is remanded for further proceedings on which we intimate no views.

Reversed and remanded.[2]

Jack N. Price, Longview, Tex., J. F. Hulse, El Paso, Tex., for counterclaimants-appellants.

Charles J. Morris, Dallas, Tex., Tom Upchurch, Jr., Stephen F. Scott, Amarillo, Tex., for counterdefendant-appellee.

Before BROWN, Chief Judge, and WISDOM and COLEMAN, Circuit Judges.

PER CURIAM:

This is an appeal from the District Court's Order dismissing with prejudice because of the failure of appellant's (Leona Lee Corporation) counsel to appear at the time the case was scheduled for trial. We see nothing to be served by setting out the lengthy history and facts. It suffices that this is a case in which a

**INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS, LOCAL 66, AFL–CIO, Plaintiff-Appellee,**

v.

**LEONA LEE INSULATION AND SPECIALTIES, INC., et al., Defendants-Appellants.**

No. 74–2748.

United States Court of Appeals, Fifth Circuit.

July 25, 1975.

---

2. Our decision on the merits today effectively denies appellees' motion to dismiss as moot.

too busy lawyer and a too busy Judge were trying to communicate through legitimate intermediaries with a resulting series of misunderstandings that in retrospect ought not to have occurred but which lack any suggestion of contumacious indifference to the Court of the kind we generally regard as requisite to the use of this severe sanction. See, e. g., Brown v. Thompson, 5 Cir., 1970, 430 F.2d 1214 and Durham v. Florida East Coast Railway Company, 5 Cir., 1967, 385 F.2d 366. Cf. Brown v. O'Leary, 5 Cir., 1975, 512 F.2d 485.

The interests of justice call for a reversal and remand with directions to reinstate the case for expedited disposition, but in doing so the District Court shall assess costs against Leona Lee Corporation, for whatever costs and expenses were incurred by appellee in having its witnesses and counsel present at the scheduled time of trial.

Reversed and remanded.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

B. D. HOLT COMPANY, Respondent.

No. 75–1296

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 25, 1975.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.