758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JULIA,
v.
SPARROW HOLT (ATCHISON), ON BEHALF OF HERSELF AND
ALL OTHERS SIMILARLY SITUATED, PLAINTIFF-APPELLANT,
v.
JOSEPH W. ZAPPA, PATRICIA L. HERSHBERGER AND PEOPLE'S TRUST
CO., CO-ESTRS. ESTATE OF JAMES H. HERSHBERGER, DECEASED;
LOUIS R. STRAUB; NORMAN R. AULT; EDWIN PENNA III; RUSSELL E.
PAGELER; THOMAS SMITH BORDERS; ERIC C. TACHAU; BARNEY A.
TUCKER; GLENN SPURGEON; PHILLIP G. HERSHBERGER; EDWARD F.
DERRY; MARTIN M. SCHWARZ; GARY D. MEEKER; ROBERT A
ALLABASTRO; JEROME D. WARNER; T.J. ZUMBIEL; GARY L. FOSTER;
MARK DEVELOPMENT CO.; NATIONAL UNDERWRITERS, INC.; WENDELL
C. HOLLAN; CHARLES K. HOLLAN; WANDA D. HOLLAN; HAROLD W.
DAVID A/D/A HAROLD WALTER DAVIS; JEAN C. DORSEY; LYNN M.
ROSS; DSI INVESTMENTS, INC.; ROBERT BASOL SINGLETON;
THEODORE E. DEEKEN; DAVID P. GASH; NATIONAL UNDERWRITERS,
JOSEPH W. ZAPPA, PATRICIA L. HERSHBERGER AND PEOPLE'S TRUST
CO., CO-ESTRS. ESTATE OF JAMES H. HERSHBERGER, DECEASED;
LOUIS R. STRAUB; NORMAN R. AULT; EDWIN PENNA III; RUSSELL E.
PAGELER; THOMAS SMITH BORDERS; ETIC C. TACHAU; BARNEY A.
TUCKER; GLENN SPURGEON; PHILLIP G. HERSHBERGER; EDWARD F.
DERRY; MARTIN M. SCHWARZ; GARY D. MEEKER; ROBERT A.
ALLABASTRO; JEROME D. WARNER; T.J. ZUMBIEL; GARY L. FOSTER;
MARK DEVELOPMENT CO.; NATIONAL UNDERWRITERS, INC.; WENDELL
C. HOLLAN; CHARLES K. HOLLAN; WANDA D. HOLLAN; HAROLD W.
DAVID A/D/A HAROLD WALTER DAVIS; JEAN C. DORSEY; LYNN M.
ROSS; DSI INVESTMENTS, INC.; ROBERT BASOL SINGLETON;
THEODORE E. DEEKEN; DAVID P. GASH; NATIONAL UNDERWRITERS,
INC.; WHAYNE M. HOUGLAND, EBERLY HAMMACK; WELENKEN,
HIMMELFARB & CO.; FRED R. BECKER ADVERTISING AGENCY, INC.;
GEORGE M. STAPLES AND D.A. SACH, III, DEFENDANTS-APPELLEES.
 NO. 84-5253
 United States Court of Appeals, Sixth Circuit.
 2/11/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 Before: MERRITT and MILBURN, Circuit Judges; PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this appeal from the District Court's dismissal of a securities fraud action for failure to prosecute, we must make a difficult decision based on competing equities. The District Court's dismissal of the action under Fed.R.Civ.P. 41(b) for failure to prosecute the action diligently, entered after a show cause hearing initiated by the Court's sua sponte motion to dismiss, was based on the Court's analysis of such factors as the plaintiff's clear lack of diligence (evidenced by a cumulative period of dormancy of well over four years), the procedural history of the case, the public interest served by the suit and the risk of prejudice due to the delay. We fully understand Judge Allen's frustration with this case, which was filed in 1973 and alleged facts dating back to 1969. The dilatory performance of plaintiffs' several counsel cannot be excused. However, dismissal is an extreme sanction, one that our Court has long held should be invoked only rarely. See, e.g., Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980); Edsall v. Penn Central Transportation Co., 479 F.2d 33 (6th Cir. 1973). The sanction should be used only when no less powerful or ultimate sanction is available. See Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2nd Cir. 1980) (stating that the sanction should be used only when the district judge 'is sure of the impotence of lesser sanctions'). This Court is under a duty to scrutinize dismissals with the utmost care.
 
 
 2
 Plaintiff's counsel assumed responsibility for this case in 1979. He has apparently spent a substantial amount of time on the case and the docket shows considerable activity. Among other actions, he did make efforts to secure depositions during 1982. These efforts were impeded by circumstances arguably beyond his control, and his response to those difficulties can be characterized as excusable neglect.
 
 
 3
 The District Court can easily use the lesser sanction of simply setting a trial date to compel diligent professional behavior from plaintiff's counsel. Doing so would ensure that the class of over one thousand plaintiffs in this securities fraud action may be afforded their day in court despite their lawyers' conduct, and that any potential prejudice to the defendants because of delay will be eliminated. In light of the District Court's decertification of the class, dismissal of the case would likely generate a new class action and the necessity to start the proceedings all over again, as well as a professional negligence action. Little would have been accomplished.
 
 
 4
 Because a lesser sanction is available, however, and because dismissals are to be employed only as a last resort, we reverse the judgment of the District Court and remand for proceedings not inconsistent with this opinion.