HOWARD CAIRES, M. JACQUELINE CAIRES, MARSHALL HUNG, WILLIAM HARDY and ROWENA HARDY, Plaintiffs-Appellants, *v.* KUALOA RANCH, INC., Defendant-Appellee

NO. 10449

(CIVIL NO. 84-1274)

SEPTEMBER 23, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

This is an appeal from the trial court's dismissal of the action on the ground that it was barred by the doctrine of *res judicata*. Plaintiffs Howard Caires, M. Jacqueline Caires, Marshall Hung, William Hardy, and Rowena Hardy (collectively Plaintiffs) contend on appeal that because there was no "judgment on the merits" in favor of defendant Kualoa Ranch, Inc. (Ranch) in either of the two prior adjudications, *res judicata* was inapplicable. We disagree and affirm the dismissal.

I.

The Ranch, a Hawaii corporation, is the fee owner and lessor of residential lots in Kaaawa and Kualoa, Oahu. In 1980, the lessees of both the Kaaawa beach lots and Kualoa beach lots organized the Kaaawa Fee Purchase Association (Association) "for the purpose of aiding members in purchasing the leased fee interest in their lots from Kualoa Ranch."

On April 21, 1981, the Ranch and the Association executed an agreement (Agreement) providing for the purchase of the leased fee interest by Association members through arbitration. The Agreement specified that arbitration would apply to all Kaaawa beach lots. It also provided that arbitration would apply to the Kualoa beach lots provided the Hawaii Housing Authority (HHA) determined that the Kualoa beach lots were subject to condemnation under the provisions of Hawaii Revised Statutes (HRS) Chapter 516 (1976 and Supp. 1984).[1]

---

[1]Hawaii Revised Statutes (HRS) Chapter 516 is entitled "Residential Leasehold" and Part II thereof deals with condemnation of development tract. *See Hawaii Housing Authority v. Lyman*, 68 Haw. 55, 704 P.2d 888 (1985).

Thereafter, the Ranch sought to supplement the Agreement with additional provisions. Prolonged negotiations between the Ranch and the Association continued without agreement. Consequently, on May 26, 1982, the Association filed Special Proceeding No. 5815 (S.P. 5815) in the First Circuit Court to compel arbitration under the Agreement.

On July 22, 1982, the Ranch and the Association executed a supplemental agreement (Supplemental Agreement), which detailed, *inter alia,* the arbitration proceeding, the method of payment, and the escrow closing. It set December 1, 1982, as the deadline for the arbitrators' decision and award. On August 27, 1982, the Ranch and the Association dismissed S.P. 5815 with prejudice.

On January 3, 1984, Plaintiffs filed an application in Special Proceeding No. 6358 (S.P. 6358) in the First Circuit Court to compel the Ranch to arbitrate. Plaintiffs alleged that they were lessees of three Kualoa beach lots and members of the Association, that by its letter dated September 29, 1983, the HHA determined that the Kualoa beach lots qualified as a development tract under HRS Chapter 516,[2] and that they were ready and willing to commence arbitration under the Agreement and the Supplemental Agreement but the Ranch had refused to arbitrate. The Ranch resisted the application on the ground that the dismissal with prejudice of S.P. 5815 barred S.P. 6358 under the doctrine of *res judicata* or, alternatively, that the arbitration deadline in the Supplemental Agreement barred the S.P. 6358 application. After a hearing on the application,[3] the circuit court filed its order of dismissal on April 6, 1984.

On October 23, 1984, Plaintiff commenced the present action, Civil No. 84-1274, against the Ranch in the First Circuit Court. In their complaint Plaintiffs sought (1) specific performance of the Agreement and the Supplemental Agreement, (2) damages, and (3) costs and reasonable attorney's fees. The Ranch filed a Rule 12(b)(6), Hawaii Rules

---

[2]Earlier, in an opinion letter to HHA dated November 5, 1981, the Department of the Attorney General had concluded that the Kualoa beach lot tract did not qualify as a "development tract" under HRS Chapter 516 and was not subject to condemnation.

[3]At the hearing on the application in S.P. 6358, no witness testified nor was any evidence introduced.

of Civil Procedure (HRCP) (1981), motion[4] to dismiss the action on grounds of "res judicata and vexatious litigation." On January 3, 1985, the circuit court granted the motion and Plaintiffs timely appealed.

## II.

*Res judicata* is "a doctrine judicial in origin." *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S. Ct. 715, 719, 92 L. Ed. 898, 905 (1948). It "makes a final, valid judgment conclusive on the parties, and those in privity with them, as to all matters, fact and law, there [sic] were or should have been adjudicated in the proceeding."[5] 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.405[1] at 181 (2d ed. 1984) (footnotes omitted). It protects "litigants from the burden of relitigating an identical issue with the same party or his privy," *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326, 99 S. Ct. 645, 649, 58 L. Ed. 2d 552, 559 (1979), "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen v. McCurrey,* 449 U.S. 90, 94, 101 S. Ct. 411, 415, 66 L. Ed. 2d 308, 313 (1980).

The defense of *res judicata* bars a present action only if the following questions can be answered in the affirmative:

(1) Was the issue decided in the prior action identical with the issue presented in the present action? (2) Was there a final judgment on the merits in the prior action? (3) Was the party against whom the doctrine is asserted a party or in privity with a party to the previous adjudication?

---

[4]Rule 12(b)(6), Hawaii Rules of Civil Procedure, provides that a motion may be made to dismiss for "failure to state a claim upon which relief can be granted[.]" Where the defense of *res judicata* "appears from the face of the complaint or from the taking of judicial notice or prior interrelated proceedings which are alluded to in the complaint, such defense may be raised by a motion to dismiss under H.R.C.P., Rule 12(b)(6)." *Ellis v. Crockett,* 51 Haw. 45, 55, 451 P.2d 814, 821 (1969).

[5]Collateral estoppel, an aspect of *res judicata,* denotes that a valid, final judgment "constitutes an estoppel, between the same parties or those in privity with them, as to matters that were necessarily litigated and determined although the claim or demand in the subsequent action is different." 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice,* ¶ 0.405[1] at 178 (2d ed. 1984) (footnote omitted). *See Ellis v. Crockett, supra.*

*Silver v. Queen's Hospital,* 63 Haw. 430, 436, 629 P.2d 1116, 1121 (1981) (quoting *Morneau v. Stark Enterprises, Ltd.,* 56 Haw. 420, 424, 539 P.2d 472, 475 (1975)). *See also Santos v. State,* 64 Haw. 648, 646 P.2d 962 (1982); *Lundberg v. Stinson,* 5 Haw. App. 394, 695 P.2d 328 (1985).

The Ranch claims that since the three *Silver* questions can be answered in the affirmative regarding the adjudication in S.P. 6358, *res judicata* bars the present action.[6] Plaintiffs admit that the parties in S.P. 6358 and this action are identical and by default concede that the issues are identical. However, they argue that the order of dismissal in S.P. 6358 was not "a final judgment on the merits" and thus has no *res judicata* effect. We disagree.

Plaintiffs contend that the Ranch's principal defense in S.P. 6358 was that the dismissal with prejudice of S.P. 5815 barred Plaintiffs' S.P. 6358 claim.[7] Therefore, they claim that the order of dismissal in S.P. 6358 was grounded on the *res judicata* doctrine and equivalent to a dismissal pursuant to Rule 12(b)(6), HRCP, "for failure to state a claim upon which relief can be granted."[8] Citing *First Savings & Loan Ass'n v. First Federal Savings & Loan Ass'n of Hawaii,* 547 F. Supp. 988 (D. Hawaii 1982), Plaintiffs then assert that a Rule 12(b)(6) dismissal "merely goes to the form of the pleadings" and such dismissal of a prior suit "was neither an adjudication on the merits nor a determination of any legal issue." *Id.* at 993. Concluding their reasoning, they state that the S.P. 6358 order of dismissal was not a "judgment on the merits" and has no *res judicata* effect on the present action.

---

[6] The Ranch also contends that the stipulation of dismissal with prejudice in S.P. 5815 has *res judicata* effect and bars the present action. Since we conclude that the order of dismissal in S.P. 6358 bars the present action, a discussion of the dismissal in S.P. 5815 is unnecessary.

[7] The Ranch's alternative ground of resistance in S.P. 6358 was that Plaintiffs' claim was barred by the arbitration deadline specified in the Supplemental Agreement. Plaintiffs contend that this defense raised factual issues which could not be determined without a trial. Plaintiffs conclude therefrom that the S.P. 6358 order of dismissal was based on the *res judicata* effect of the S.P. 5815 dismissal with prejudice. We agree with Plaintiffs on this point.

[8] *See* note 4, *supra.*

Plaintiffs' reasoning is flawed because *First Savings* is an aberration.[9] Neither the procedural rules nor the majority of case authorities support Plaintiffs' assertion that a Rule 12(b)(6) dismissal is not a "judgment on the merits."

Rule 41(b), HRCP (1981), provides in pertinent part:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as *an adjudication upon the merits.* [Emphasis added.]

A dismissal under Rule 12(b)(6) comes within the literal language of Rule 41(b) quoted above. *See* 9 C. Wright & A. Miller, Federal Practice and Procedure: *Civil* § 2373 (1971).

The United States Supreme Court has stated that "[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 399, n.3, 101 S. Ct. 2424, 2428, n.3, 69 L. Ed. 2d 103, 109, n.3 (1981). *See also Isaac v. Schwartz,* 706 F.2d 15 (1st Cir. 1983); *Micklus v. Greer,* 705 F.2d 314 (8th Cir. 1983); *Car Carriers, Inc. v. Ford Motor Co.,* 583 F. Supp. 221 (N.D. Ill. 1984); 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: *Jurisdiction* § 4439 (1981).

In *Silver v. Queen's Hospital, supra,* the plaintiff similarly argued that the involuntary dismissal in the federal action was not a judgment on the merits. Our supreme court held that an involuntary dismissal "for repeated failure to comply with Federal Rule 8(a)" is "an adjudication on the merits" under the last sentence of Rule 41(b). 63 Haw. at 438, 629 P.2d at 1123.

Plaintiffs' reliance on *Abramson v. University of Hawaii,* 594 F.2d 202 (9th Cir. 1979), and *Bagalay v. Lahaina Restoration Foundation,* 60 Haw. 125, 588 P.2d 416 (1978), is misplaced. In *Abramson,* the Hawaii court had granted the plaintiff's motion for leave to dismiss a count dealing with sex discrimination claims "without prejudice to her right to file an action in federal court alleging a federal cause of action for sex

---

[9]The *First Savings* ruling is criticized as being "dubious" in 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: *Jurisdiction* § 4439 at p. 86 n.11 (Supp. 1985).

discrimination." *Id.* at 204. Thus, the dismissal had no preclusive effect on the later federal suit.

In *Bagalay,* the supreme court reversed the trial court's dismissal of the plaintiff's complaint. That case involved the construction of Rule 12(f), Rules of the Circuit Courts, dealing with the filing of statements of readiness, and Rule 25(a)(1), HRCP, regarding substitution of parties. Neither Rule 41(b) nor *res judicata* was involved. In *Bagalay,* the supreme court "liberally construed" Rule 25(a)(1) "to promote justice." *Id.* at 141, 588 P.2d at 426. However, we do not believe that construing Rule 41(b), HRCP, to negate the *res judicata* effect of involuntary dismissal will necessarily promote justice.

As in *Bagalay,* Plaintiffs should have timely appealed the order of dismissal in S.P. 6358.[10] An appellate determination regarding the appropriateness of the S.P. 6358 dismissal could have been then obtained.

We hold that the S.P. 6358 order of dismissal was a "judgment on the merits" and bars the present action.

Affirmed.

*Thomas T. Watts* (*Kemper & Watts,* Attorneys At Law, A Law Corporation, of counsel) for plaintiffs-appellants.

*Philip J. Leas* (*William C. Byrns* with him on the brief; *Cades Schutte Fleming & Wright,* of counsel) for defendant-appellee.

---

[10]Plaintiffs did file a notice of appeal in S.P. 6358 which was docketed as No. 10341. However, Plaintiffs subsequently filed a withdrawal of the appeal. At oral argument Plaintiffs' counsel stated that the appeal was withdrawn because the notice of appeal was untimely filed.