Flem CALHOUN, II, also known
as John Flemming Martin,
Plaintiff–Appellant,

v.

FRISCO RAILROAD; Illinois Central
Railroad; Canadian National Rail-
road; Railroad Retirement Board;
Does 1 to 50, Defendants–Appellees.

No. 02–6025.

United States Court of Appeals,
Sixth Circuit.

March 28, 2003.

Before: MARTIN, Chief Judge;
KENNEDY and DAUGHTREY, Circuit
Judges.

## ORDER

Flem Calhoun, II, a California litigant
proceeding pro se, appeals a district court
judgment dismissing his wrongful death
action brought under the Federal Employ-
ers' Liability Act ("FELA"), 45 U.S.C.
§ 51 et seq. Additionally, Calhoun has
filed a motion for miscellaneous relief.
This case has been referred to a panel of
the court pursuant to Rule 34(j)(1), Rules
of the Sixth Circuit. Upon examination,
this panel unanimously agrees that oral
argument is not needed. Fed. R.App. P.
34(a).

Calhoun brought this action for the
wrongful death of his grandfather, Flem
Calhoun, who apparently died in 1948.
The decedent was apparently employed by
defendant Frisco Railroad ("Frisco"),
which Calhoun alleges was an extension of
the defendant Illinois Central Railroad.
Around the time of the decedent's planned
retirement in 1948, he was apparently in-
formed by Frisco management that, be-
cause they believed him to be black, they
did not have to pay him a pension based on
his thirty years of service but, instead, his
pension benefit would be calculated as if he
had started working for Frisco in 1945.
Because the decedent could not afford to
retire under those circumstances, he re-
turned to his job with Frisco, where he

allegedly got into a heated argument with a Frisco official, suffered a cerebral hemorrhage, and died. Calhoun alleges that his grandmother was never able to recover death or retirement benefits from Frisco.

The wrongful death complaint was filed on June 10, 2002. Calhoun alleges that the defendants fraudulently concealed the cause of the decedent's death. He also claims that the defendants conspired with each other to withhold the decedent's retirement benefits. Lastly, Calhoun claims that the "defendants" committed arson at some unspecified time in order to destroy the records relating to his grandfather's employment. Calhoun seeks monetary relief. The district court summarily dismissed Calhoun's complaint for frivolity and failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Calhoun has filed a timely appeal.

We review de novo a judgment dismissing a suit as frivolous and for failure to state a claim upon which relief may be granted under § 1915(e)(2). *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867.

■ Upon review, we conclude that the district court properly dismissed Calhoun's complaint because it is frivolous and fails to state a claim for relief. The Federal Employers' Liability Act, is a " 'remedial and humanitarian statute ... enacted by Congress to afford relief to employees from injury incurred in the railway industry.' " *Aparicio v. Norfolk & W. Ry. Co.*, 84 F.3d 803, 807 (6th Cir.1996) (quoting *Edsall v. Penn Cent. Transp. Co.*, 479 F.2d 33, 35 (6th Cir.1973)). The statute provides that a proper plaintiff, in the case of death of railroad employee, is "his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee." 45 U.S.C. § 51. Calhoun alleges that, at the time of the decedent's death, he lived with, and was supported by, his grandfather. He further submits his mother's death certificate. Thus, Calhoun has standing to bring this lawsuit.

Despite its broad remedial and humanitarian purpose, FELA limits the commencement of actions by injured railway workers with a three-year statute of limitations. *See* 45 U.S.C. § 56 ("No action shall be commenced within three years from the day the cause of action accrued"). This uniform rule is mitigated by the application of the "discovery rule." *See Aparicio*, 84 F.3d at 814. The discovery rule applies where "the injured person sustains an injury which cannot itself reasonably be discovered, or the cause of which cannot reasonably be discovered, until some time following the tortious event and the running of the statute of limitations." *Hicks v. Hines, Inc.*, 826 F.2d 1543, 1544 (6th Cir.1987). When such a circumstance arises, the statute of limitations is tolled until "the date by which the plaintiff reasonably should have discovered both cause and injury." *Hicks*, 826 F.2d at 1544. The discovery rule imposes upon an injured railway employee the duty to exercise due diligence; thus, once an injured worker has reason to suspect that his injury is work-related, he must take action to

determine whether that is, in fact, the case. *See Aparicio,* 84 F.3d at 815.

■ While Calhoun claims that his claim accrued in 1985, when he learned the facts concerning his grandfather's death, the statute of limitations expired more than ten years ago. Therefore, his claim is time-barred.

Accordingly, the motion for miscellaneous relief is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.