**Flem CALHOUN, II, also known as John Flemming Martin, Plaintiff–Appellant,**

v.

**FRISCO RAILROAD; Illinois Central Railroad; Canadian National Railroad; Railroad Retirement Board; Does 1 to 50, Defendants–Appellees.**

No. 02–6216.

United States Court of Appeals, Sixth Circuit.

Feb. 10, 2004.

Flem Calhoun, II, La Mesa, CA, pro se.

Before MARTIN, RYAN, and MOORE, Circuit Judges.

*ORDER*

Flem Calhoun, II, appeals a district court order that denied his post-judgment motion for miscellaneous relief he filed after the district court dismissed his civil action in which he sought damages under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., arising from the death of his grandfather in 1948. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Calhoun filed his complaint in the district court in June 2002, alleging that the defendant railroads caused his grandfather's death in 1948. The district court granted Calhoun pauper status, dismissed the complaint sua sponte as barred under the applicable statute of limitations, certified that an appeal would not be taken in good faith, and assessed the appellate filing fee. This court affirmed that judgment on appeal. *Calhoun v. Frisco R.R.*, 64 Fed.Appx. 420 (6th Cir.2003).

After the district court's judgment, Calhoun filed a "request the (sic) commissioner of social security to make a statement on the issues." The district court construed the request as an irregular motion, which the district court denied and certified that an appeal would not be taken in good faith. Plaintiff filed a timely notice of appeal, and the district court denied plaintiff leave to proceed in forma pauperis. This court also denied Calhoun pauper status, and Calhoun paid the appellate filing fee.

Upon consideration, we affirm the district court's order essentially for the reasons stated by the district court. Insofar as plaintiff's post-judgment motion can be construed as a Fed.R.Civ.P. 60(b) motion, *see Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998), the district court did not abuse its discretion in denying relief. *See Williams v. Browman*, 981 F.2d 901, 903 (6th Cir.1992). Otherwise, there simply is no basis for the relief requested for the reasons stated by the district court. Accordingly, the district court properly denied Calhoun's motion.

For the foregoing reasons, the district court's order is affirmed. *See* Rule 34(j)(2)(C). Rules of the Sixth Circuit.